## 29593. DAVIS v. THE STATE.

JORDAN, Justice.

Rudolph Davis appeals his conviction and sentence in the Superior Court of Muscogee County for the crime of armed robbery.

On the night of February 26, 1974, a black male, generally fitting appellant's description, entered the Peacock Liquor Store and brandished a pistol in front of the proprietor's face and informed him that he should give him the money and not do anything funny. The owner complied with the robber's request and turned over all the cash in the register. After taking the money the culprit fled into the night and the owner immediately phoned the police and gave them a general description of the thief. The Columbus Police broadcast the description over the radio and they were promptly informed by the Phenix City, Alabama police that a suspect had been picked up in Phenix City matching the description of the bandit. The Columbus officers picked the defendant up from the Phenix City Police, advised him of his rights and obtained his consent to go to the scene of the crime.

Approximately "thirty minutes" elapsed between the time of the robbery and the time the appellant was presented to the victim. During the intervening time span eight to twelve possible suspects were taken to the store for identification, and in each instance the victim failed to identify the suspect as the culprit. When the appellant was taken to the store, the victim immediately stated "That's the man." It appears from the record that the

victim was extremely excited and may have equivocated to some degree on his identification, for the police, after getting all necessary personal data from the appellant, took him back to his home and released him.

Shortly after the appellant was released, one of the officers went up the street, turned around, cut off his lights, and observed appellant's apartment from that position. The officer later testified that he observed appellant picking something up at the side of his apartment and after noticing that he was being watched, running behind the building. His suspicions aroused, the officer left his vehicle and gave chase. The officer testified that upon rounding the corner of the building he observed appellant "leaned over and putting something into a trash can." The officer then put handcuffs on him. A subsequent search of the trash can revealed a pistol and a wad of bills amounting to $148. Evidence admitted at trial showed that the amount taken in the robbery was identical to the amount found in the garbage can.

On the day of appellant's trial, prior to the impaneling of a jury, counsel for the defendant requested a ruling on the admissibility of the victim's identification testimony. After arguments were made and certain testimony was taken from the victim-witness, the trial judge ruled that the subject testimony was admissible. Appellant's counsel objected then and at the time the victim was questioned in the presence of the jury. The jury found appellant guilty and he was sentenced to twelve years in prison.

Appellant complains on appeal that the trial court erred in overruling his objection to the identification testimony given by the victim, and that the evidence was not sufficient to support the verdict.

1. Before answering appellant's complaint as to the sufficiency of the evidence we must first determine if the trial judge erred in admitting the identification testimony.

Appellant contends that the confrontation with the victim was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law.

As a general rule "one on one" confrontations be-

tween an eyewitness and a suspect have been condemned. Stovall v. Denno, 388 U. S. 293 (1967). However, the court in Stovall, supra, went on to state that "a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances." See also Neil v. Biggers, 409 U. S. 188 (1972).

In the case sub judice the confrontation took place approximately thirty minutes after the crime was committed, the suspect was not required to alter his appearance, stand, move, or speak in any manner similar to the robber, and the positive identification came after the witness had been shown several other suspects that he had declined to identify. The "totality of the circumstances" here lead us to the conclusion that appellant was not denied due process by the one man showup, and that the testimony relating to it along with a subsequent in-court identification was admissible.

The facts of this case are similar to those in Bates v. United States, 132 U. S. App. D.C. 36 (405 F2d 1104) (1968). In that case the accused was captured some thirty minutes after he had fled from an apartment where he had allegedly held two women captive and "committed indecent assaults" upon one. After capture the accused was taken to the apartment in a patrol wagon and confronted with the complaining witness.

Judge Warren Burger, now Chief Justice of the U. S. Supreme Court, in holding the confrontation proper, stated that: ". . . [T]he police action in returning the suspect to the vicinity of the crime for immediate identification in circumstances such as these fosters the desirable objectives of fresh, accurate identification which in some instances may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is still fresh . . ." P. 1106. In the present case several innocent suspects were released, bearing out the Bates logic. For another decision where this result was reached, see Martin v. Commonwealth, 210 Va. 686 (173 SE2d 794).

The Georgia cases cited by appellant in support of his position are not persuasive here. In *Aiken v. State,* 16 Ga.

App. 848 (86 SE 1076) the suspect was "placed by the sheriff in a position at a window through which the house had been entered, and in which position an occupant of the house claimed to be able to identify him as the burglar, although she was unable to do so before he was placed in this position . . ." The showup in *Aiken* was clearly suggestive, the one before us now is not. In *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622), the Court of Appeals reversed a conviction where the witness identified the defendant as the guilty party subsequent to a photographic identification. In that case the witness had been shown three pictures, two of which depicted the defendant, and one which had been altered to look like the defendant. The witness identified the defendant from the pictures and then later at the jailhouse in a "one on one" confrontation. Citing Stovall, supra, and Simmons v. United States, 390 U. S. 377, that court held the evidence of the identification inadmissible due to the circumstances of that case.

In *Bennefield v. Brown,* 228 Ga. 705 (187 SE2d 865) this court held that a pre-trial identification and subsequent in-court identification were admissible under the circumstances of that case. Although the facts are not directly in point we feel that this case presents a stronger argument for admission than did *Bennefield,* supra. See also *Yancey v. State,* 232 Ga. 167 (205 SE2d 282).

One man showups are inherently suggestive and should always be carefully scrutinized before such identifications are admitted into evidence. However, there are situations where the confrontation is not unduly suggestive and a prompt identification would not be improper. We feel that the case before us now falls into the permissible category and affirm the trial judge's holding.

For other materials, and decisions of other jurisdictions concerning the problem of the one man showup see Vol. 1 Underhill's Criminal Evidence (6th Ed.) § 127; 44 NYU L. Rev. 377 (1969); 38 Brooklyn L. Rev. 261 (1971); and 39 ALR3d 791.

2. In view of the holding in Division 1 and the other evidence admitted at the trial we find appellant's contention that the evidence was not sufficient to support the verdict to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 25, 1975.

*Jay Wm. Fitt,* for appellant.
*E. Mullins Whisnant, District Attorney, Gray Conger, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.