### 29910. SHERWIN v. THE STATE.

JORDAN, Justice.

David Sherwin appeals his conviction in the Clayton County Superior Court on charges of kidnapping and armed robbery. Appellant was sentenced to four years imprisonment on each charge, said sentences to run concurrently.

Marvin Talbot, driving a 1962 Chevy II station wagon, picked up two hitchhikers on I-75 in Atlanta. Shortly thereafter he was forced at pistol point to drive south on I-75 toward Tampa, Florida. During the ordeal over the next four and one half hours, he was

robbed of $11, a credit card, and other items. Near Adel, Georgia he was told to stop the car and go to the other side so one of them could drive. As he exited, he started running and escaped. He called the state patrol, giving them a description of the two abductors and the vehicle. Within a short time he was notified that his station wagon had been found near Lakeland, Georgia and that the Lakeland police had two suspects in custody. Talbot was taken to Lakeland where he promptly and positively identified the appellant and his co-defendant as his abductors.

At appellant's trial, his attorney objected to the in-court identification by Talbot of appellant on the grounds that said identification would be tainted by an improper pre-trial identification at the Lakeland police station. His grounds for this objection were that the policeman that took Talbot to the station had intimated that they had the two culprits, and further that the way the two suspects were shown to him, accompanied by four uniformed policemen, was highly prejudicial.

The trial judge heard all of the evidence submitted on this point and decided that under the facts of this case the in-court identification was not tainted by the prior police station showup.

We agree and affirm the judgment of the trial court.

As a general rule a police station showup, as opposed to a conventional lineup, is not favored. Stovall v. Denno, 388 U. S. 293 (1967). However, in each case it is necessary to look at the "totality of the circumstances." *Davis v. State,* 233 Ga. 847 (213 SE2d 695).

In Neil v. Biggers, 409 U. S. 188, 199 (1972) the United States Supreme Court laid down some criteria to use in determining whether the identification was a violation of due process. The things to consider in determining the likelihood of misidentification "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." See also *Yancey v. State,* 232 Ga. 167 (205 SE2d 282).

In the case sub judice the victim-witness was with the two hitchhikers for four and one-half hours and had ample opportunity to observe their facial and physical characteristics. The identification was quick and positive and took place only five hours after the crime. Under the circumstances of this case we find no violation of due process requirements. Looking at the "totality of the circumstances" the trial court did not err in allowing the in-court identification into evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1975 — DECIDED MAY 27, 1975 — REHEARING DENIED JUNE 17, 1975.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.

*William Ison, District Attorney, Clarance L. Leathers, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.