136 Ga. App. 31 (1975)
220 S.E.2d 49
TAYLOR
v.
THE STATE.
50574.
Court of Appeals of Georgia.
Submitted May 7, 1975.
Decided October 6, 1975.
John E. Wiggins, Clifton M. Patty, Jr., for appellant.
Earl B. Self, District Attorney, Jon B. Wood, *33 Assistant District Attorney, Ross Hatcher, III, for appellee.
*39 PANNELL, Presiding Judge.
1. "The fact that the informant is a witness is not controlling where such evidence is not necessary to obtain a conviction. United States Ex Rel. Abbot v. Twomey, 460 F2d 400, 402 (2). In Roviaro v. United States, 353 U. S. 53, 62 (77 SC 623, 11 LE2d 639), it is stated: `We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" Estevez v. State, 130 Ga. App. 215, 216 (2) (202 SE2d 686). See also, Welch v. State, 130 Ga. App. 18, 19 (3) (202 SE2d 223).
2. Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a "decoy" and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code § 38-1102, but rests in the discretion of the trial *32 judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances. Welch v. State, 130 Ga. App. 18, 19 (3), supra; Estevez v. State, 130 Ga. App. 215, 216 (2), supra; United States v. Davis, 487 F2d 1249; United States v. Clark, 482 F2d 103, citing on p. 104, United States v. Herrera, (5 Cir., 1972), 455 F2d 157, 158; United States v. Mendoza, (5 Cir., 1970), 433 F2d 891 894; United States v. Tsoi Kwan Sang, (5 Cir., 1969), 416 F2d 306, 309; United States v. Acosta, (5 Cir., 1969), 411 F2d 627, 630; Miller v. United States, (5 Cir., 1960), 273 F2d 279, 281.
3. However, where such person either prior to or at the time thereof makes the arrangements with the defendant for the sale of the contraband by the defendant to the police officer he becomes a participant whose identity may, under proper circumstances, be required to be disclosed to defendant as material to his defense; and particularly so where the arrangements for sale are made by such person over the telephone with the defendant in a manner and circumstances unknown to anyone other than such person and the defendant, and the defendant pleads entrapment as a defense. See United States v. Soles, 482 F2d 105; United states v. Russ, 362 F2d 843; Lopez-Hernandez v. United States, 394 F2d 820.
4. Where, under the circumstances disclosed in Division 3 above, a motion for disclosure is made by the defendant prior to trial and the defendant's only asserted defense at the hearing on the motion is that he was not the person making the alleged sale, in effect a defense of mistaken identity, we cannot say the trial court abused its discretion in overruling the defendant's motion for disclosure. Compare Lopez-Hernandez v. United States, 394 F2d 820, supra.
Judgment affirmed. Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Bell, C. J., and Evans, J., concur in the judgment only.