51811. DRAINS v. THE STATE.

STOLZ, Judge.

In December, 1974, an undercover agent from the Drug Enforcement Agency, accompanied by a confidential informant, went to an Atlanta apartment where a black male, identified as the appellant, opened the door. The informant asked this man if he had the heroin. The man left the room, returning later with six glassine bags, which he handed to the DEA agent, who paid him $40. The agent and informant then left the apartment. The appellant was arrested in March, 1975 at a different location. At trial, the defendant claimed that another man, not he, had sold the heroin to the narcotics agent. This appeal is from the defendant's conviction, as charged, for selling narcotics.

1. The first enumeration of error claims that the trial court should have required the state to reveal the identity of the informant who accompanied the agent. In *Taylor v. State,* 136 Ga. App. 31 (3) (220 SE2d 49), we held that where an informant makes the arrangements for a drug sale to a police officer, "he becomes a participant whose identity may, *under proper circumstances,* be required to be disclosed to defendant as material to his defense"; but where the only defense is mistaken identity, then the determination of whether this evidence is relevant and helpful is best left to the trial court's informed discretion. We see no substantive difference between *Taylor* and the case at bar. Since the record reflects no abuse of discretion in the trial court's ruling the defense counsel's question as to the informant's identity improper, there is no merit in this contention.

2. The defendant further argues that it was error to allow cross examination as to his past criminal record for impeachment purposes. The record reveals that the defendant testified, on direct examination: "Like I don't participate in no drugs whatsoever." On cross examination, the defendant admitted that "I have used drugs once and I know what it do to you. I have not been on drugs or used drugs in over two years." The state then offered in evidence guilty pleas to three drug possession and sale counts between September, 1971 and March, 1972, which exhibits were admitted for impeachment purposes only.

In our opinion, there was no error in the trial court's allowing the district attorney to impeach the defendant by showing that he had, admittedly, used drugs more than "once in his life." The evidence was admitted only for the limited purpose of impeachment and the trial judge clearly explained this to the jury when he admitted the guilty pleas and also when he charged the jury. This contention has no merit. See *Childers v. State,* 131 Ga. App. 74 (2) (205 SE2d 56) and cits.

3. A review of the record shows that the evidence was sufficient to support the jury's verdict.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED FEBRUARY 2, 1976 — DECIDED APRIL 5, 1976 —

REHEARING DENIED MAY 12, 1976.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.