## 54642. HOWARD v. THE STATE.

SHULMAN, Judge.

This appeal follows a conviction for numerous violations of the Controlled Substances Act, Code Ann. § 79A-801 et seq.

1. Appellant was charged with 8 counts of violating the Controlled Substances Act: Count 1 alleging possession with intent to distribute phencyclidine, Count 2 the possession of secobarbital and amobarbital, Count 3 the possession of pethidine, Count 4 possession of phencyclidine, Count 5 possession of LSD, Count 6 possession of amphetamine, Count 7 possession of methaqualone, and Count 8 possession of marijuana. Appellant urges that the court erred in denying his motion to quash for duplicity. It is contended that Counts

2, 3, 6 and 7 of the indictment recite violations of Schedule II narcotics and that only one offense can be charged when drugs of the same category (i.e., Schedule II) are taken from one person at the same time and place. See generally *State v. Hooper,* 132 Ga. App. 413 (208 SE2d 161) (issue presented but not decided; decision tacitly approves of indictment charging violations of Schedule II in Counts 3, 4, 5). This contention must fail.

Although contained in Schedule II, the possession of amobarbital and secobarbital, Code Ann. § 79A-807(e)(2)(3); pethidine Code Ann. § 79A-807 (c) (14); amphetamine Code Ann. § 79A-807 (d) (1); and methaqualone Code Ann. § 79A-807 (e) (1) constitute separate and distinct offenses. Simultaneous possession of different proscribed drugs may be multiply punished. Cf. *Patterson v. Caldwell,* 229 Ga. 321 (1) (191 SE2d 43).

In addition, under the circumstances of this case appellant's conviction for possession of phencyclidine (Count 4) and for possession of phencyclidine with intent to distribute (Count 1) are not merged. A state agent testified that appellant agreed to exchange 60,000 barbiturates for two pounds of THC and one pound of MDA. The evidence showed that appellant had these substances in an identifiable and separate container for the exchange. A subsequent chemical analysis showed the substance to be phencyclidine and not MDA or THC. See *Stanford v. State,* 134 Ga. App. 61 (5) (213 SE2d 519) (although contraband represented to be THC, conviction will stand for contraband which is indicated by chemical analysis). A subsequent search of an attache case produced other contraband involved in the simple possession counts.

If a person intends to distribute only a designated part of narcotics which are possessed, both the offense of possession and possession with intent to distribute may be punished. Merger does not occur because possession of the undesignated narcotic was not necessary for the intended distribution. *Wilson v. Hopper,* 234 Ga. 859 (3) (218 SE2d 573). Cf. In re Adams, 122 Cal. Rptr. 73, 536 P2d 473, 476 (no merger where sale is only part of narcotics possessed; conviction will lie for (1) sale (2) possession of unsold quantity). See State v. Land, 136 N. J. Super. 354 (346

A2d 411), reversed on other grounds, 73 N. J. 24 (372 A2d 297) (offense of possession of specific controlled dangerous substances and possession with intent to distribute different quantity of same specific controlled substances did not merge); *Moon v. State,* 136 Ga. App. 905 (222 SE2d 635) (merger applies where under no state of facts appearing in the record could defendant be convicted of possession alone except for possession of the quantities of drugs which were in fact subject of sales charged).

2. Appellant enumerates the denial of his motion to suppress as error. There was testimony that appellant had been apprised of his constitutional rights; that he consented to a search of an attache case which contained contraband and that he gave agents the key to the attache case. Appellant submits that because he was arrested and handcuffed any consent was coerced.

This issue is controlled adversely to appellant by *Barron v. State,* 109 Ga. App. 786 (2) (137 SE2d 690). The court properly denied defendant's motion to suppress. As this case involves a consent search, the case of United States v. Chadwick, 53 LE2d 538, cited by appellant for the proposition that a search warrant was required under these circumstances is inapposite.

3. Appellant asserts that the court erred in denying his motion for disclosure of a decoy's identity. A state narcotics agent testified that the undisclosed person arranged for a meeting and introduced the defendant to the state narcotics agent who was posing as a drug buyer. After this introduction, the state agent carried on further conversations with the defendant. The undisclosed person accompanied state agents to defendant's house. At defendant's house the state narcotics agent spoke with defendant. The state agent testified that the defendant agreed to exchange a quantity of THC and MDA for barbiturates. Defendant was arrested after defendant obtained the contraband and had offered the same for exchange.

"Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such a person is an informer and

not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code Ann. § 38-1102, but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances. [Cits.]" *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49).

The trial court did not abuse its discretion in overruling defendant's motion for disclosure. *Taylor v. State,* supra. *Drains v. State,* 138 Ga. App. 607 (1) (226 SE2d 604).

4. Appellant asserts that the court erred in denying his pre-trial notice to produce and motion to produce exculpatory material and information.

At the pre-trial hearing on the notice and motion, the district attorney stated in his place that there was nothing exculpatory or materially favorable to the defendant in the state's file. Appellant made no motion for an in camera inspection.

Although an "accused may utilize the notice to produce provision of Code Ann. § 38-801 (g) to compel the production of tangible objects and documents *at trial,* [Cits.]" *Brooks v. State,* 141 Ga. App. 725, 731 (234 SE2d 541), "[d]iscovery as such is not available to an accused in criminal cases in Georgia. [Cit.]" *Pryor v. State,* 238 Ga. 698, 705 (234 SE2d 918).

Defendant has failed to carry his burden of showing that denial of this information, if indeed he was denied information, " 'so impaired his defense that he was denied a fair trial within the meaning of the Brady rule.' [Cits.]" *Lundy v. State,* 139 Ga. App. 536, 539 (228 SE2d 717); *Benefield v. State,* 140 Ga. App. 727 (9) (232 SE2d 89); *Pless v. State,* 142 Ga. App. 594 (236 SE2d 842).

5. At trial, a state narcotics officer testified that a companion of appellant (who was also charged with contraband violations) assured him that drug exchanges had taken place in appellant's parents' house in the past. Appellant contends that the denial of his motion for mistrial constituted error because the testimony connected appellant with a separate and distinct criminal offense and thus improperly placed his character in issue. See *Money v. State,* 137 Ga. App. 779 (4) (224 SE2d 783) (sole offense charged: simple possession). We do not

agree.

Appellant was indicted for possession of a controlled substance with intent to distribute. Appellant defended by asserting that he had rented the house to others and was not aware of their activities, that he had no knowledge of any illegal contraband exchanges, and that he had never possessed the contraband involved in the indictment. The evidence of other transactions showed motive and intent and was relevant for establishing that appellant possessed the contraband with the intent to distribute. See *Terry v. State,* 36 Ga. App. 305 (1) (136 SE 476) (possession of whiskey during prohibition); *Scudiere v. State,* 130 Ga. App. 477 (7) (203 SE2d 581); *Perkins v. State,* 141 Ga. App. 893 (2) (234 SE2d 715).

6. Appellant's counsel asked a state narcotics agent about the circumstances surrounding the alleged consent search of the attache case in which contraband was found. The agent was allowed to testify, over counsel's objection that the answer was not responsive, to what an informer had told him.

"Our Code § 38-302, provides in essential part that 'When, in a legal investigation . . . conversations . . . are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence.' By virtue of this section an investigating officer is permitted to explain his conduct. *Tanner v. State,* 228 Ga. 829 (3) (188 SE2d 512). That was precisely what was done here. . ." *White v. State,* 231 Ga. 290, 293 (201 SE2d 436).

7. Appellant asserts that a motion for mistrial should have been granted when the state's expert witness, a chemist, testified that "this was an extremely large case." The record shows that further testimony of the chemist left no doubt that this reference was to the quantity of drugs to be analyzed and not the strength of the state's case against the appellant. This enumeration is without merit. See generally *Norwood v. State,* 238 Ga. 199 (1) (232 SE2d 70).

8. Appellant maintains that a mistrial was in order because certain jurors had seen the appellant in handcuffs and prison clothes while he was being taken up the courthouse stairs to the detention room and while he was

being taken to lunch. At no time was the appellant brought into the courtroom in the presence of the jury wearing prison garb or handcuffs. The court examined each juror after the verdict was rendered. The jurors who had seen the appellant handcuffed testified that this did not influence their verdict. No juror recalled seeing appellant in prison clothes.

"This was a matter which addressed itself to the discretion of the trial court. Such a situation is not ground for mistrial." *Morris v. State,* 228 Ga. 39 (18), 51 (184 SE2d 84). See also *Starr v. State,* 209 Ga. 258 (5), 260 (71 SE2d 654).

9. Appellant contends that certain contraband analyzed by the state crime lab was erroneously admitted into evidence because the chain of custody was not established. A careful review of testimony shows that chain of custody was established. This enumeration, accordingly, is without merit.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977.

*Glyndon C. Pruitt,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, William P. Rowe, III, P. Samuel Huff, Assistant District Attorneys,* for appellee.