## 55072. CLEMPSON v. THE STATE.

BANKE, Judge.

The defendant was convicted of armed robbery. He now appeals the denial of his motion for new trial.

1. The defendant alleges that the trial judge committed reversible error in denying his pre-trial motion to suppress identification testimony. The victim of the robbery identified the defendant in a showup approximately four hours after the robbery. The showup was conducted at night outside a service station where the defendant and four co-suspects were being held by police. The victim positively identified the defendant from his position in the back seat of a police car, the headlights of which illuminated the group of five suspects. The defendant complains that the officers should have conducted a lineup, rather than the showup, at a nearby county facility. The defendant further complains that the showup identification was unreasonably suggestive in that one police officer stated to another officer in the victim's presence that the defendant had admitted his participation in the robbery but denied being the one who carried the gun. The first officer testified that he suggested having the group show up after the second officer had gotten out of the police car.

An identification by showup is admissible so long as under the "totality of the circumstances" the iden- tification is reliable, even though the confrontation

procedure may have been suggestive. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); Manson v. Brathwaite, 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977); *Heyward v. State,* 236 Ga. 526 (224 SE2d 383) (1976). Five factors are considered in making this determination.

(a) The victim had ample opportunity to view the defendant at the time of the crime. The defendant, as driver of the robbery vehicle, made a routine request for gas before the robbery commenced.

(b) The victim's attention was focused on the defendant for two reasons. First, he recognized the defendant as being the same individual who had come into the service station 90 minutes earlier in the same car requesting the same amount of gas. Second, the armed robbery was conducted from the car so he had a continuing opportunity to observe the defendant.

(c) His physical and clothing description of the perpetrator compared favorably with the defendant's actual build and attire at the time of the showup.

(d) The victim was sure of his identification of the defendant although he admitted he could not conclusively identify all five as having been in the robbery vehicle.

(e) As previously stated, the identification was made a short time after the robbery.

We agree with the trial judge that the above facts were sufficient indicia of the reliability of the victim's identification such that the identification testimony was admissible into evidence.

2. The trial judge did not abuse his discretion in limiting defense counsel's cross examination of one of the police officers testifying for the state. Once the showup identification testimony was ruled admissible at the pre-trial hearing, testimony at trial that lineup facilities were available was irrelevant. See generally *Allen v. State,* 137 Ga. App. 302 (3) (223 SE2d 495) (1976).

3. The trial judge did not err in refusing to give the defendant's written request to charge on the lesser included offense of robbery by intimidation. There was no evidence of robbery by intimidation introduced at trial; on the contrary, all the evidence proved robbery by use of an offensive weapon (pointed pistol). See *Brock v. State,* 232 Ga. 47 (2) (205 SE2d 272) (1974); *Bixby v. State,* 234 Ga.

812 (218 SE2d 609) (1975). The Supreme Court's decision in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976) requires that the trial judge give only those written requests to charge which are warranted by the evidence. Our decision in *Ward v. State,* 138 Ga. App. 454 (3) (226 SE2d 278) (1976) is not apposite in that there the defendant complained that the trial judge's charge on the lesser offense should not have been given.

4. Defendant's fourth enumeration of error alleges that in violation of Code § 81-1104, the trial judge in charging the jury expressed an opinion as to what facts had been proved. The defendant objected to this charge at trial. See *State v. Griffin,* 240 Ga. 470 (1978). It is sufficient in an indictment to allege that an agent is the owner of property so long as the agent was in lawful possession. *Spurlin v. State,* 222 Ga. 179 (7) (149 SE2d 315) (1966). Thus, it was not an issue in this case that the victim (agent) was not the actual owner of the property taken, provided the state's evidence proved beyond a reasonable doubt his lawful possession of the funds.

On the second point raised, "[t]here being nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed, and his defense resting solely upon the contention that he did not participate in the offense, the court, in charging the jury, did not violate the provisions of [this section] in assuming that a crime had been committed." *Pruitt v. State,* 36 Ga. App. 736 (1) (138 SE 251) (1927).

5. The trial judge did not err in denying appellant's motion for new trial.

*Judgment affirmed, Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED JANUARY 26, 1978.

*William T. Hudson, Jr.,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Michael M. Sheffield, Assistant District Attorneys,* for appellee.