## 57855. DANIEL v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for the offense of sodomy. *Held:*

1. Relying upon the "fruit of the poison tree" doctrine, defendant contends his confession was inadmissible because it followed "a one-on-one showup confrontation with the victim" in violation of his due process rights under the Fifth and Fourteenth Amendments of the Constitution. We do not agree.

From the evidence, the jury was authorized to find the defendant entered the apartment of the victim, awakened her, advised her that he was not going to rape her but only wanted to have "oral sex." After he completed the act he left and remained inside his car outside the apartment complex. When he saw the police arrive he departed.

As soon as the defendant left, the victim called the police and gave the defendant's description. She described the defendant as a black male, six feet two inches to six feet four, between 18 and 20, wearing only shorts. A patrolman heard the police broadcast and proceeded to that area. He saw a black male, wearing "cut-off jeans,"

putting on an Army fatigue jacket. He pursued the car at "speeds above eighty-five miles an hour." He lost the car for a few moments and then saw it parked. He found a driver's license in the car belonging to Diane Daniel, the defendant's sister.

The defendant had gone to the police station to report that he had borrowed his sister's car and it had been stolen from him. A police officer questioned him about the sodomy offense. He denied all knowledge of it. The officer, after receiving defendant's denial, stated: "I felt like we did not need to detain this man any longer than was absolutely necessary in reference to this incident, if in fact, he was not guilty . . . so it was for him; it was for me; and it was for the victim — it was for all of us . . ." He told defendant: ". . . as far as her viewing him, that if he was not guilty he would not have anything to worry about; and we could get him out of here."

The victim had been brought to the police station to make a statement. She was asked to see if she "could recognize someone if he came to the water fountain . . . A man came out and got a drink of water; and before he got the water, I saw him; and I just sort of, I recognized him. And I just sort of gasped and I turned around. And I didn't look anymore." It was the defendant.

The practice of showing suspects singly to a witness for purposes of identification has been widely condemned, but a claimed violation of due process in the conduct of a pre-trial confrontation depends on the totality of the circumstances. Stovall v. Denno, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199). The fact of a one-on-one showup, without more, does not necessarily violate due process. Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401). The primary evil to be avoided is the "substantial likelihood of irreparable misidentification." Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387). The fact that it did occur will not result in a "per se" exclusion of subsequent identification, for "inflexible rules of exclusion . . . may frustrate rather than promote justice . . ." Manson v. Brathwaite, 432 U. S. 98, 113 (97 SC 2243, 53 LE2d 140). "[R]eliability is the linchpin in determining the admissibility of identification . . ." Id. at 114.

Accordingly, there is a two step inquiry: 1. the

threshold inquiry is whether the identification procedure used was "impermissibly suggestive," and only if there was do we reach the second issue — 2. whether there was a "substantial likelihood of irreparable misidentification." *Gravitt v. State,* 239 Ga. 709, 710 (239 SE2d 149). Pretermitting the issue of whether the "one-on-one" procedure was "impermissibly suggestive," we turn to the test enunciated by Neil v. Biggers, supra: 1. *Opportunity to view the defendant at the time of the offense*: The victim stated that she had approximately 20 minutes to observe the defendant. It was dark in her bedroom but there were shadows on the walls "so there was some light coming through . . . he was just real big and sort of had curlyish hair. And he had large lips . . . And he was just very big, not just in height but in muscle in his arms. And he didn't have a shirt on . . ." She also saw him when he paused by the front doorway as he left; 2. *The witness' degree of attention*: She had to observe the defendant close-up for approximately 20 minutes and gave a detailed sketch of his facial and physical features; 3. *The accuracy of the witness' prior description*: From the description given for the record at the time of the complaint to the police, she accurately bracketed this high school basketball player in age, height, size, and other features; 4. *Level of certainty*: The emotional gasp of recognition at the moment of confrontation is sufficiently descriptive. She testified: "I just knew he was the man. He was the same height; and I had seen his face because he was so close to me when I first stood up. I recognized his lips and face immediately." Under the totality of the circumstances, we do not find the one-on-one showup resulted in a substantial likelihood of irreparable misidentification. *Yancey v. State,* 232 Ga. 167 (205 SE2d 282); *Davis v. State,* 233 Ga. 847 (213 SE2d 695); *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769); *Munford v. Seay,* 241 Ga. 223 (4) (244 SE2d 857).

Because we find no prejudicial error in the showup procedure, it follows that the fruit thereof was not tainted, and the confession was not inadmissible for the reason assigned.

2. It is alleged that the defendant's confession was "induced by a hope of benefit." The evidentiary basis for the "hope of benefit" is the claim of two statements by the

interrogating officer that "if he confessed he would feel a lot better" and that "he could get a 'zip-six' sentence." The latter statement was interpreted by the defendant that he would receive first offender treatment, a pardon, and "could return as a citizen."

The officer denied that he made any such statement regarding a "zip-six" sentence. " 'Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' " *High v. State,* 233 Ga. 153, 154 (210 SE2d 673). The trial court's determination is supported by the evidence.

A statement "that it is always better to tell the truth was not such an inducement as is demanded to invalidate the confession." *Robinson v. State,* 229 Ga. 14 (1) (189 SE2d 53). It is not such a "hope of benefit" as would render a confession inadmissible under Code Ann. § 38-411 (Code § 38-411) for it is one of the "collateral benefit" types that is not considered illegal inducement. *Turner v. State,* 203 Ga. 770 (1) (48 SE2d 552); *Edwards v. State,* 213 Ga. 552 (1) (100 SE2d 172). This enumeration is without merit.

3. The trial court did not err in failing to instruct the jury upon the offense of battery as both the defendant and the victim testified that the greater offense of sodomy was completed. Thus, the lesser charge was not in issue. *Jordan v. State,* 239 Ga. 526 (2) (238 SE2d 69).

4. The defendant claims the court erred in charging the jury: ". . . the defendant has entered his plea of not guilty, thereby denying each and every material allegation of the indictment and the lesser offense of sodomy included therein . . ." He argues: "This was not a case in which defendant denied all involvement . . . Defendant here admitted in his sworn testimony some involvement with the victim, but contended that he was guilty of only a lesser included offense . . . By instructing the jury that defendant had earlier denied guilt . . . when the defendant at the trial admitted his guilt of some included offense, the court thereby indicated to the jury that defendant had taken inconsistent positions . . ."

Defendant confuses his plea with his testimony. The court correctly advised the jury of the effect of his plea. We would have no hesitancy in finding error in any

instruction by the court that a plea of not guilty admitted guilt as to portions of the charge as distinguished by the present charge that a plea of not guilty denies each and every allegation. The defendant made no attempt to enter a plea of guilty to any lesser charge. Strategy in the conduct of a trial is for the counsel after consultation with the defendant. *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740); *Hawes v. State,* 240 Ga. 327, 330 (240 SE2d 833). A defendant has no ground for complaint when he enters a not guilty plea and the court correctly charges on the effect of his plea. *Dunn v. State,* 145 Ga. App. 612, 613-614 (244 SE2d 127). We find this enumeration to be without merit.

5. For the reasons stated above, it was not error for the trial court to deny defendant's motion for a new trial based upon those grounds.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 17, 1979.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

