## 58073. SILVERS v. THE STATE.

CARLEY, Judge.
Appellant was tried and found guilty in Whitfield County under an indictment charging him with two counts of theft by deception occurring on March 22, 1978. On appeal he enumerates as error his prior identification

by a witness during a one-man "show-up" confrontation, and the admission of evidence of a separate transaction which took place in Murray County.

1. The evidence established a "flim-flam" operation in which a call would be made to a retail store, the caller would identify himself as a prominent local businessman or his representative and order several building construction tools, including an expensive miter box saw. A short time later an individual would come to the store, pick up the merchandise, sign the receipt "Jay" and reiterate that the merchandise was to be billed to the account of the local businessman. However, the named businessmen did not call the stores to order these items nor did they give anyone the authority to do so. Two stores were located in Whitfield County and one in Murray County. All three were "stung" the same day. The appellant was identified in court as the recipient of the merchandise by employees of all three stores.

The identification complained of took place in the Murray County store. At about 6:00 p.m. the employee who had waited on the appellant had selected the appellant's picture from a photographic display provided by the sheriff's department. The sheriff returned to the store with the appellant at about 11:00 p.m. and this employee recognized him and noted that he was still wearing the same clothes. No objection was made as to the photographic identification or the in-court identification but objection was made as to introduction of evidence of this one-man show-up at the store.

"As a general rule a police station showup, as opposed to a conventional lineup, is not favored. Stovall v. Denno, 388 U. S. 293 (1967). However, in each case it is necessary to look at the 'totality of the circumstances.' *Davis v. State,* 233 Ga. 847 (213 SE2d 695).

"In Neil v. Biggers, 409 U. S. 188, 199 (1972) the United States Supreme Court laid down some criteria to use in determining whether the identification was a violation of due process. The things to consider in determining the likelihood of misidentification 'include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal,

the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' See also *Yancey v. State,* 232 Ga. 167 (205 SE2d 282)." *Sherwin v. State,* 234 Ga. 592, 593 (216 SE2d 810) (1975).

In this case the witness was expecting the "customer" and watching for him. He approached the appellant and spoke to him first. They spent some time haggling over the price. When he bent to the floor to obtain another item for appellant the witness noted that the appellant was wearing orange tennis or jogging shoes and blue jeans with frayed cuffs. The witness became suspicious because the appellant could not remember his "employer's" first name. This witness thus had an extended opportunity "to view the criminal at the time of the crime," his attention being intensified by appellant's haggling over the price and suspicious behavior. The witness' prior description to the police was accurate — he even noted that appellant was wearing the same clothes — and he had previously been able to choose the appellant's photograph from a large display. The level of certainty was unequivocal and identifications were made within a few hours of the time the crime was committed. Considering the "totality of the circumstances," this enumeration of error is without merit.

2. "*Moore v. State,* 221 Ga. 636, 637 (146 SE2d 895) (1966) states the general rule that, ' "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952).' Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State,* 237

Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977).

In the case at bar, the crimes were connected as parts of the same crime spree, involving like targets of opportunity and occurring within the course of a few hours on the same day. In all cases the perpetrator's arrival was preceded by a telephone call purporting to be from or in behalf of a local prominent businessman ordering merchandise for appellant to pick up. The purchase receipt in one Whitfield County transaction and the one in Murray County for which appellant was not on trial were both signed "Jay." Building construction tools were obtained in all transactions. Positive identifications were made in both instances occurring in Whitfield County and a proper foundation was laid for introduction of testimony of the independent crime in Murray County for the limited purpose of showing identity and a common plan, scheme and course of conduct. *Booker v. State,* 242 Ga. 773, 776 (2) (251 SE2d 518) (1979) and cases cited. Clearly there was sufficient logical connection between the crimes so that proof of one tended to establish the other. Accordingly, this evidence was not improperly admitted. Compare *Mason v. State,* 146 Ga. App. 675, 677 (2) (247 SE2d 121) (1978).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 2, 1979 — DECIDED SEPTEMBER 5, 1979.

*M. Gene Gouge,* for appellant.
*Charles A. Pannell, Jr., District Attorney, Roland R. Castellanos, Assistant District Attorney,* for appellee.