## 58480. KENNEDY v. THE STATE.

Sognier, Judge.

Kennedy was convicted in the Superior Court of Worth County of armed robbery by use of an offensive weapon. He appeals, contending the trial court erred in refusing to instruct, after timely written request, on the offense of robbery by intimidation, because the latter offense is a lesser included offense of the former.

As this is the sole enumeration of error and the facts are not in dispute, it is sufficient to note that on December 9, 1978, Kennedy and a companion broke into the residence of Robert L. Curry, Jr. and robbed him and his family. Kennedy was brandishing a butcher knife and his companion was carrying a loaded shotgun. Kennedy contends that under the Supreme Court ruling in *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973), a jury would be authorized to find a person guilty of robbery by intimidation who committed robbery by use of an offensive weapon; therefore, it is error not to instruct on the lesser offense when a timely, written request to so

charge has been presented to the court. Appellant also contends this court erred in failing to reverse the trial court on the same grounds in *Clempson v. State,* 144 Ga. App. 625 (241 SE2d 495) (1978). We disagree.

In *Holcomb,* supra, this court requested instructions from the Supreme Court on the following question: "Where the evidence establishes that an accused committed a robbery by the use of an offensive weapon may he or his co-conspirator be convicted of the 'lesser included offense' of robbery by intimidation?" The Supreme Court answered this question in the affirmative, but held it was not error to fail to charge on robbery by intimidation if the evidence did not *demand* a charge on that offense. See also *Brock v. State,* 232 Ga. 47 (2), 48 (205 SE2d 272) (1974). All the evidence in the present case established that the robbery was committed by use of a shotgun and a butcher knife. As there is no evidence of robbery by intimidation in the record a charge thereon is not required.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED FEBRUARY 1, 1980 —

*Ray Holland,* for appellant.
*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.