60448, 60449. HOLLINGSWORTH v. THE STATE (two cases).

MCMURRAY, Presiding Judge.

These two cases involve indictments for the offenses of violation of the Georgia Controlled Substances Act. On September 26, 1979, the defendant allegedly did unlawfully sell heroin to an undercover agent. On October 15, 1979, he allegedly did unlawfully possess and have under his control heroin. Both cases were tried before the court without the intervention of a jury on February 12, 1980, although the cases were not combined. The findings of guilty rendered by the court clearly stated that a jury trial had been waived and after hearing the evidence and consideration of the same the defendant was found guilty beyond a reasonable doubt of violation of the Georgia Controlled Substances Act, as charged in each indictment. In each case the defendant was sentenced to serve a term of 6 years; 4 years to serve, the balance suspended upon condition the defendant not violate the criminal laws of any state or municipality or of the United States. The defendant appeals. *Held:*

1. An undercover police officer, a special agent of the Georgia Bureau of Investigation, testified that he, while in the company of an informant and under the observation of another officer, purchased

the suspected heroin from the defendant known by the street name of "Rodney, also known as Big Man" on September 26, 1979, as shown in the indictment. The defendant was not arrested at that time but after his arrest for the possession of heroin as shown in the indictment in Case No. 60448, he was served with the arrest warrant in this case (No. 60449) while in jail. The witness, however, did testify that he attempted on several occasions to purchase other drugs from him but was unable to make contact although he had seen him at least twice after he made the purchase in the southwest section of the City of Atlanta, and that at the time of the drug purchase he did not know the last name of "Rodney Big Man," learning of it at a later date.

The only enumeration of error in Case No. 60449 with reference to the sale of heroin by the defendant is that the trial court erred in overruling and denying defendant's motion to suppress the witness' identification. Defendant contends that the peculiar circumstances of the case against him relating to the alleged identification by the undercover police officer after he had been arrested on an unrelated charge of possession of heroin (Case No. 60448), under the totality of the circumstances, violated his rights to due process. The mere fact that after the purchase of the illegal heroin the undercover officer had probable cause to procure a warrant for the arrest does not require that the investigation cease and that the state immediately arrest the suspect. The undercover officer later learned that the defendant was in jail under arrest for the possession of heroin after observing him at the time of the purchase and approximately twice thereafter on the streets of the City of Atlanta. Visiting him in jail and serving the warrant there did not require that the identification of the defendant be suppressed as violative of the due process clause of the Fourteenth Amendment to the United States Constitution. See in this connection as to one-on-one confrontations between a witness and a suspect, Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199). The trial court considered the testimony and under the totality of the circumstances held the identification was reliable. In consideration of the motion to suppress, the five factors with reference to whether the confrontation procedure was suggestive or not as set forth in Clempson v. State, 144 Ga. App. 625 (1), 626 (241 SE2d 495), showed the reliability of the undercover agent's identification of the defendant and his identification testimony was admissible in evidence. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401); Davis v. State, 233 Ga. 847, 849-850 (1) (213 SE2d 695); Silvers v. State, 151 Ga. App. 216, 218 (259 SE2d 203); Daniel v. State, 150 Ga. App. 798, 799-800 (1) (258 SE2d 604). The undercover officer's visit and observation of the defendant in jail under the charge of possession of heroin does not render his in-court identification as

requiring the suppression of same. There is no merit in this complaint.

2. In Case No. 60448, which involves the possession of heroin, a police officer testified that on October 15, 1979 (the date alleged in the indictment), upon receipt of information from a confidential and reliable informant, a black male known only as "Rodney" was seen at a certain address in the City of Atlanta having in his possession a large quantity of heroin, the informant advising the police officer the type of automobile defendant was driving approximately 5 to 10 minutes before informant talked to the police officer. The officer received this information by telephone. The officer proceeded to the address given where he recognized the defendant from the description given to him by the informant as well as the automobile which had been reported to him by the tag number and the type of automobile. Because of the time element he was unable to obtain a search warrant but approached the defendant, identified himself as a police officer, advised him of the information he had received, finding the defendant seated on the steps of the address in question (a single family dwelling, "an abandoned house . . . condemned by the City," with "condemned signs on the property"). The defendant advised him he could search the vehicle and he did so, finding no drugs in the vehicle but in "looking on the porch approximately three to five feet from where . . . [the defendant] was sitting inside the screened in porch . . . [the officer] . . . found sixteen . . . fifty dollar bags of heroin." The defendant denied any knowledge about the heroin, advising that he worked at a certain business, produced identification and was allowed to leave in his automobile. The police officer then proceeded to search inside the abandoned house and found a brown attache case containing "an additional one hundred eighty bags of heroin . . . having a value of fifty dollars per bag," and inside the attache case identification belonging to the defendant, that is, "an old driver's license with his picture on it . . . issued by the Department of Public Safety."

The first enumeration of error in this possession case is that the trial court erred in overruling and denying a motion to suppress the evidence with reference to the seizure of the heroin found on the premises at the old abandoned and condemned dwelling and in the attache case containing identification of the defendant. Defendant contends that this evidence was obtained as the result of an unreasonable, illegal and void search of his person and the search of the automobile. We note that no drugs were found on his person or in the automobile. Hence, the drugs cannot be said to be evidence obtained as the "fruit of the poisonous tree," as found in Wong Sun v. United States, 371 U. S. 471, 488 (83 SC 407, 9 LE2d 441). The police

officer may not have felt that he had probable cause to arrest the defendant seated on the steps of the abandoned house after searching his automobile and patting him down and finding no suspected drugs, and then finding same inside the screened porch 3 to 5 feet from the defendant who produced proper identification and disclaimed any knowledge of the drug packets. Thereafter, the defendant was allowed to leave, and the officer then proceeded with a further investigation and found additional drugs inside the abandoned condemned dwelling in an attache case containing identification of the defendant. A search of defendant's car and person prior thereto in nowise was such an illegal act that would taint all evidence stemming therefrom if it could be said that the finding of the heroin inside the dwelling was derived from the search of the automobile in this instance. See *Brooks v. State,* 129 Ga. App. 109, 111 (198 SE2d 892); *Stiggers v. State,* 151 Ga. App. 546, 547 (1) (260 SE2d 413); United States v. Lovasco, 431 U. S. 783, 795-796 (97 SC 2044, 52 LE2d 752). Clearly the officer had probable cause to seize the evidence found at this abandoned and condemned dwelling house. *Berger v. State,* 150 Ga. App. 166, 168-169 (257 SE2d 8). The trial court did not err in denying the defendant's motion to suppress the evidence.

3. Defendant next contends that the trial court erred in refusing to order the disclosure of the identity of the informant. Evidence was presented during the hearing of the motion to suppress showing he was a mere tipster, and no evidence was produced that he was a party to the transaction. The informant in this case, who had been reliable in the past, did not go to the scene, was not present at the scene, and was in nowise shown to have been a participant in the placing of the heroin in the automobile or in the condemned dwelling. In fact, the heroin was not found in the automobile or on the person of the defendant but in the abandoned condemned dwelling. The trial court, having heard all the evidence, concluded that the informant was in that class which need not be disclosed and denied the motion to disclose. See Code § 38-1102; *Howard v. State,* 144 Ga. App. 208, 211 (3) (240 SE2d 908); *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49); *Drains v. State,* 138 Ga. App. 607, 608 (1) (226 SE2d 604); *Thornton v. State,* 238 Ga. 160, 165 (231 SE2d 729); *Stiggers v. State,* 151 Ga. App. 546, 549-550 (2), supra. There is no merit in this enumeration of error.

*Judgments affirmed. Banke, J., concurs. Smith, J., concurs specially.*

ARGUED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 26, 1980 —

*Thomas S. Clegg, Mark J. Kadish, Rhonda A. Brofman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jack Mallard, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.

SMITH, Judge, concurring specially as to Division 2.

I agree with the majority that the search of the brief case discovered in the abandoned house was lawful. However, I reach this conclusion for reasons which differ from those expressed in the majority opinion.

In my view, the search was valid, not because "the officer had probable cause to seize the evidence found at this abandoned and condemned dwelling house," but because the evidence shows that appellant had voluntarily abandoned the brief case and its contents. As stated in Abel v. United States, 362 U.S. 217, 241 (80 SC 683, 4 LE2d 668) (1960), "There can be nothing unlawful in the Government's appropriation of such abandoned property." See also *Hawkins v. State,* 146 Ga. App. 312, 313 (246 SE2d 343) (1978).

Appellant argues as follows: "The detention and the search of the Appellant and his vehicle were illegal, but did not result in the discovery of any evidence which the Appellant would later seek to suppress. It did, however, no doubt cause anxiety in the mind of the Appellant and cause him to flee the Ashby Street address at his earliest possible opportunity. His fear was of course justified, since if the law enforcement authorities were willing to commit one illegality, there was little doubt that they would go forward with another. Rather than be victimized by such illegality the Appellant left. Under such circumstances, it can scarcely be stated that the Appellant voluntarily abandoned his property."

Even assuming the search of appellant and his automobile was unlawful, appellant's argument must fail. "Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. United States v. Cowan, 2d Cir. 1968, 396 F2d 83, 87." United States v. Colbert, 474 F2d 174, 176 (5th Cir. 1973). "Abandonment here is not meant in the strict property-right sense, but rests instead on whether the person so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy in it at the time of the search. United States v. Colbert, 474 F. 2d at 176; cf. Katz v. United States, 389 U. S. 347, 88 S. Ct. 507, 19 LE2d 576 (1967)." United States v. Jackson, 544 F2d 407, 409 (9th Cir. 1976). In the instant case, appellant was found sitting outside an abandoned and condemned dwelling. He had no property interest whatever in the premises and

no reasonable expectation of privacy therein. See Abel v. United States, supra. Within three to five feet of appellant, in a screened-in area, packets of heroin were observed in plain view. Appellant denied having any knowledge of them. See United States v. Anderson, 500 F2d 1311 (5th Cir. 1974); United States v. Berkowitz, 429 F2d 921 (1st Cir. 1971). After appellant was permitted to leave, the police entered the abandoned dwelling and discovered a brief case. They opened it and found 190 packets of heroin, identical to those previously discovered, and appellant's identification. The brief case had been placed in the abandoned house prior to the arrival of the police. Its placement in the house was unrelated to any allegedly improper police conduct. See United States v. Maryland, 479 F2d 566 (5th Cir. 1973). Appellant made no mention of the brief case to police and did not attempt to regain possession of it at any time. Under these circumstances, the trial court was authorized to find that the brief case had been voluntarily abandoned by appellant. United States v. Jackson, supra at 409. It appears from the record that apart from any search, legal or illegal, appellant intended to totally disassociate himself from the brief case and its contents.

In view of the fact that the trial court was authorized to conclude that the brief case and its contents were abandoned, United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538) (1977), relied on by appellant for the proposition that a valid search of the brief case could not be undertaken without a warrant, is simply inapplicable. The trial court did not err in denying appellant's motion to suppress.