64218. DAVIDSON et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were convicted of possession of marijuana. Their appeal to this court resulted in affirmance of the conviction, but we remanded the case to the trial court with direction that it conduct a hearing pursuant to *Thornton v. State,* 238 Ga. 160 (231 SE2d 729), to determine whether it was necessary to reveal to appellants the name of the informant whose tip to the police led to the issuance of the search warrant, the execution of which resulted in the discovery of the contraband for the possession of which appellants were convicted. See *Davidson v. State,* 156 Ga. App. 457 (274 SE2d 807). The trial court conducted the mandated hearing and, concluding that the informant was a tipster, held that the identity of the informant could remain confidential. This appeal is from the order denying the motion to reveal the informant's name.

1. In the present case, as in *State v. Martin,* 156 Ga. App. 554 (275 SE2d 129), and *Hollingsworth v. State,* 155 Ga. App. 878 (273

SE2d 639), the evidence showed that ". . . the informant's participation merely established probable cause to search the defendant[s'] residence." *Martin,* supra, p. 555. In both of those cases involving possession of drugs, the informant, as did the informant here, played the classic role of the reliable informant who had personal knowledge of the possession of contraband by the defendant. That knowledge does not make the informant a participant or an informer-witness, but a "mere tipster." *Hollingsworth,* supra, p. 881. We conclude, therefore, that the trial court was correct in ruling that the informer's identify need not be disclosed.

2. Appellants have enumerated as error a charge to the jury during their trial. That issue was not raised when this court considered appellants' appeal from their conviction. Our decision at 156 Ga. App. 457 to affirm the conviction is conclusive of all matters in issue or which might legally have been put in issue. *Akins v. State,* 237 Ga. 826 (229 SE2d 645). This case was remanded to the trial court solely for the purpose of conducting the hearing on appellants' motion to disclose the identity of the informant. That is the only issue properly before this court in this appeal.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1982 —
REHEARING DENIED OCTOBER 6, 1982

*Kenneth L. Gordon,* for appellants.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.