## 66746. CARTER v. THE STATE.

McMURRAY, Presiding Judge.

The defendant appeals from his conviction of violating the Georgia Controlled Substances Act by selling marijuana to an undercover agent of the Georgia Bureau of Investigation (GBI). *Held:*

The sole error enumerated on appeal is that the trial court erred in failing to compel the state to identify a confidential informant who introduced the defendant to the GBI agent. However, the evidence is uncontroverted that the confidential informant did not participate in either the negotiations leading up to the sale, or in the sale itself. Indeed, the GBI agent testified that he and the informant went to the defendant's home, where "[t]he only thing the [informant] said is, 'This is Jerry [the GBI agent] and this is Kevin [the defendant].' " Following the introduction, the agent negotiated with the defendant for the sale of a quarter pound of marijuana, waiting in his car while the defendant went to get it at his "stash house" and returned with all he had available.

"Where a person merely takes an undercover police officer to a location and . . . introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code § 38-1102 [now OCGA § 24-9-27], but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49). See also *Miller v. State,* 163 Ga. App. 889, 890 (2) (296 SE2d 182). The case sub judice is almost factually the same as the

above cited cases, and the trial court exercised its discretion in determining that the witness need not disclose the identity of the informer. The enumeration of error is not meritorious.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 12, 1983.

*John B. Thigpen, Sr.,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Michael D. Devane, Assistant District Attorney,* for appellee.