# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1946. DEXTER LEE WILLIAMS v. THE STATE.

In November 2020, the State indicted Dexter Lee Williams in Houston County Superior Court for drug-related offenses and violations of Georgia's RICO statute, OCGA § 16-4-1, et seq. Shortly thereafter, Williams filed a statutory speedy trial demand, which the trial court denied. In its order, the trial court noted that the statewide judicial emergency order then in effect had tolled all statutory speedy trial deadlines. Williams filed a second statutory speedy trial demand in July 2021. On October 12, 2021, the State filed a superseding indictment against Williams, charging him with two counts of violating the RICO statute.[1] The case proceeded to trial on the superseding indictment in late October 2021,[2] and Williams was convicted of both counts. Following the denial of his motion for a new trial, Williams filed a direct appeal to this Court, and we affirmed his convictions in an unpublished opinion. See *Williams v. State*, Case No. A24A1012 (October 29, 2024).

---

[1] It appears that the superseding indictment severed the drug charges and amended the predicate acts alleged in support of the RICO charges.

[2] The statewide judicial emergency order expired on June 30, 2021. See *State v. Jones*, 371 Ga. App. 652, 654 (902 SE2d 210) (2024). Given that the statutory speedy trial deadlines remained tolled until that time, and because Williams's trial occurred within the two terms of court occurring after June 30, 2021, the State honored Williams's second statutory speedy trial demand. See OCGA § 17-7-170 (b); OCGA § 15-6-3 (21) (the terms of court for the Houston County Superior Court begin on the first Monday in January, April, July, and October).

On April 14, 2025, using the case number associated with the original indictment, Williams filed a pro se motion for discharge and acquittal. In support of that motion, Williams asserted that the trial court was without authority to deny his initial statutory speedy trial demand. He further contended that the State was without authority to file a superseding indictment against Williams and to try him under that indictment, rather than the original indictment. The trial court denied Williams's motion, and he then filed the current appeal. The State has filed a motion to dismiss, arguing that this appeal represents an impermissible second attempt by Williams to challenge his conviction. We agree.

First, Williams's current appeal is barred because the issues he seeks to raise could have been raised in his initial appeal. See *State v. Jackson*, 295 Ga. 825, 827 (764 SE2d 395) (2014) (a judgment affirming a criminal conviction "is conclusive of all matters in issue or that might legally have been put in issue") (citation and punctuation omitted); *Davidson v. State*, 163 Ga. App. 758, 758 (2) (295 SE2d 347) (1982) (same). See also generally *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Furthermore, the motion filed by Williams shows that regardless of its nomenclature, it sought to set aside or vacate his conviction on the RICO charges. See *State v. Bell*, 274 Ga. 719, 719 (1) (559 SE2d 477) (2002) (when a court considers pleadings, substance controls over nomenclature); *Sledge v. State*, 312 Ga. App. 97, 98 (1) (717 SE2d 682) (2011) ("Courts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought.") As the Supreme Court of Georgia has made clear, however, a post-conviction motion challenging the validity of a conviction and seeking to set aside or vacate the same is not a valid procedure in a criminal case.

See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Williams v. State*, 283 Ga. 94, 94 (656 SE2d 144) (2008). Thus, any effort to appeal from the denial of such a motion must be dismissed. *Roberts*, 286 Ga. at 532; *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009).

In light of the foregoing, the State's motion is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __07/29/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*