### 29834. HOBBS et al. v. THE STATE.

INGRAM, Justice.

This is an appeal in an armed robbery case from the Superior Court of Butts County following the denial of a motion for new trial in that court. The appellants, Jimmy Charles Hobbs and Donald LaRue Parker, were jointly indicted and tried with Eddie Junior Woodruff and, after being found guilty by a jury, appellants were sentenced to a prison term of 20 years.

Appellants' appointed counsel on appeal notified this court, after a careful study of the trial transcript, that he had concluded there were no reversible errors in the trial and it would be pointless to pursue an appeal: However, in order to protect appellants' right to appeal their convictions, counsel filed an enumeration of errors with supporting brief in this court urging two grounds for reversal of the trial court's judgment. See Anders v. California, 386 U. S. 738.

The two issues raised in this appeal are that the trial court erred in overruling appellants' motion to suppress evidence obtained by an illegal search and seizure; and the trial court also erred in overruling appellants' motion to suppress the evidence of an in-custody identification of appellants.

The facts of this case are fully reported in *Woodruff v. State,* 233 Ga. 840 (213 SE2d 689), where the appeal of the co-defendant, Eddie Junior Woodruff, was considered and decided by this court. Those facts need not be restated here for consideration of the issues involved in this appeal. However, one of the issues in the present case relates to an in-custody identification of appellants which was not

involved in the *Woodruff* case.

The victims of the robbery were two adult unmarried sisters who lived alone on a farm in Butts County. They were robbed at gunpoint and physically abused during the course of the robbery. Two Butts County law enforcement officers arrived at the scene approximately 10 minutes after the robbery occurred. The sisters gave the officers a description of an automobile that had been by the house shortly before the robbery and a description of two of the suspects involved in it.

After some difficulty, the officers apprehended all three suspects and carried them back to the victims' home. All three suspects were seated in the rear seat of the police car. The two sisters looked in the car and identified appellants but they could not identify Woodruff. The identification of appellants by the two sisters was positive and unequivocal. It took place approximately one hour after the commission of the robbery.

The "totality of the circumstances" disclosed in this case persuades us that appellants were not denied due process by this fresh one-on-one showup at the scene of the crime, as there was no substantial likelihood of misidentification of appellants by the victims. The factors to be considered in evaluating the likelihood of a misidentification were spelled out in Neil v. Biggers, 409 U. S. 188, 199, and the facts of this case satisfy the Neil criteria. See, *Yancey v. State,* 232 Ga. 167 (205 SE2d 282); and, *Davis v. State,* 233 Ga. 847 (213 SE2d 695).

The other enumerated error in this appeal relates to an alleged unlawful search and seizure. This identical issue was raised in *Woodruff v. State,* supra, and decided adversely to appellants' contention. We held the evidence was sufficient to show that appellant Parker, the owner of the searched automobile, voluntarily consented to the search. Hence, evidence of the gun found in the search of the automobile was admissible. We reaffirm that holding in this case. See *Woodruff v. State,* supra, p. 844.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1975 — DECIDED SEPTEMBER 11, 1975.

*Harold E. Martin,* for appellants.

*Edward E. McGarity, District Attorney, Kenneth R. Waldrep, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.