## 33255. MUNFORD v. SEAY.

PER CURIAM.

We granted Munford leave to appeal in this habeas corpus action, in which he urges primarily that at his trial he was denied the right to confront a witness against him, in violation of the Sixth Amendment to the Federal Constitution.

Munford and two other men were jointly accused of robbing a store. The three were tried jointly and represented by the same attorney. One of Munford's co-defendants confessed and implicated him, but did not take the stand at trial and was thus not available for cross examination (overlooking for the moment the single-counsel problem); the other confessed and implicated him but did take the stand and attempted to repudiate the confession and cast all the blame onto the other confessor. Munford's conviction was affirmed on appeal in *Munsford v. State,* 235 Ga. 38 (218 SE2d 792)(1975) in which the trial evidence was set forth in detail. (No reason appears for the difference in spelling Munford's name.)

At the evidentiary hearing held on Munford's habeas petition, trial counsel testified that prior to trial he had been prepared to enter guilty pleas for all three men; that at the last minute the other two decided they wanted to be tried; that Munford just tagged along with that decision;

that the trial began so swiftly counsel did not think of the confrontation and conflict of interest problems inherent in representing all three at trial; that he now thought he had thereby been ineffective, and Munford had been prejudiced.

1. Under Bruton v. United States, 391 U. S. 123 (1968) a defendant is denied his right to confrontation when the confession of a co-defendant implicates him and the co-defendant does not take the stand. That is what happened at Munford's trial with respect to co-defendant Daniels whose confession implicated Munford but who did not testify. (A different problem is raised with respect to the confession of the other co-defendant.) The state does not now deny that a Bruton violation occurred. Nonetheless, the habeas court found the error to be harmless and denied relief. This appeal followed.

The habeas court in its opinion, and the state in its brief in this court, urge that there was other evidence sufficient to convict Munford, and therefore the Bruton error was harmless. That is not the proper test. To be harmless, a Bruton error must be harmless beyond a reasonable doubt. Schneble v. Florida, 405 U. S. 427 (1972); Harrington v. California, 395 U. S. 250 (1969). In both those cited cases, the United States Supreme Court found the error to be harmless; but also in both the other evidence of guilt was said by the court to be "overwhelming." Schneble, supra, 405 U. S. at 431; Harrington, supra, 395 U. S. at 254. In Schneble the weighing process was phrased in this way: "In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." 405 U. S. at 430. Also, reversal is not required "unless there is a reasonable probability that the improperly admitted evidence contributed to the conviction." Id. at 432.

Under that analysis, a majority of the members of this court are of the opinion that the error in Munford's case was harmless beyond a reasonable doubt in light of the weight of the remaining evidence of his guilt.

2. Munford's second enumeration argues from Baker v. Wainwright, 422 F2d 145 (5th Cir. 1970), that Munford's counsel had a conflict of interest in representing all three defendants. To succeed, Munford must show a conflict harmful to himself. Id. Because a majority of this court find that the Bruton error was harmless, the rationale of Baker v. Wainwright which led to the conclusion that counsel there was ineffective, does not apply here with respect to the joint representation of Munford and either of the other defendants. Therefore, no ineffectiveness of counsel harmful to himself has been shown by Munford, and this enumeration is without merit.

3. The third enumeration need not be considered, having been decided against Munford's contention on his appeal from his conviction. *Brown v. Ricketts,* 233 Ga. 809, 811 (213 SE2d 672) (1975).

4. The fourth enumeration, claiming error in a one-on-one showup in which Munford was exhibited to the store operator by the arresting policeman shortly after the robbery, is without merit under *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769) (1975).

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Hall and Hill, JJ., who dissent.*

SUBMITTED FEBRUARY 3, 1978 — DECIDED
APRIL 18, 1978.

*Dennis J. Strickland, J. Greg Wolinski,* for appellant.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General, Kenneth Royal, Deputy Assistant Attorney General,* for appellee.

HALL, Justice, dissenting.

I dissent to the judgment of affirmance and to Divisions 1 and 2 of the majority opinion.

From my reading of the transcript, the evidence of Munford's guilt was so slight as to render the co-defendants' confessions plainly harmful error under Bruton. I cannot reconcile Division 1 with our recent

decision in *Williams v. State,* 239 Ga. 12, 13 (235 SE2d 504)(1977) in which, *even under a much less rigorous test,* we found circumstantial evidence weak and doubtful.

The total evidence against Munford is as follows: An hour before the robbery he came into the store and bought matches, and then drove away in a white automobile with two unidentified black companions. (Those companions are still unidentified.) After the robbery he and his automobile were seen behind a nearby church and footprints of the two robbers were found around the automobile. Munford gave a palpably false excuse for being there and the two robbers were soon flushed out of nearby woods.

It completely escapes me how four members of this court can find this evidence so "overwhelming" and the co-defendants' confessions so "insignificant" by comparison, that it is "clear beyond a reasonable doubt that the improper use of the . . . [confessions] was harmless error," under Schneble v. Florida, 405 U. S. 427, 430 (1972). Munford is entitled to reversal of his conviction for harmful Bruton error.

With respect to counsel's conflict of interest at trial, it was patent. Munford neither confessed nor testified; Daniels confessed and implicated the other two, but did not testify; and Williams confessed and implicated the other two, but did testify, repudiated the confession, exonerated Munford, and tried to cast all the blame onto Daniels. The conflicts among the three defendants were numerous and plain. Moreover, at the habeas hearing counsel himself testified that he thought he had been ineffective in not recognizing the conflicts of interest involved in representing all three defendants.

The members of the majority opinion seem to fear something which I find absent in this transcript, namely, the possibility that defense counsel could deliberately create a Bruton error or a possibility of conflict so that if a conviction ensues, counsel may impugn his own performance and secure his clients' release on habeas or appeal.

Every appellate judge knows that prisoners filing habeas petitions frequently allege ineffectiveness of trial counsel. There is always the possibility that counsel could

unscrupulously connive with this ploy by attempting to interject trial error in myriad ways. On this record there is no hint of this having happened. The majority ignore constitutional error out of fear of an irrelevant bugaboo. Munford is entitled to reversal of his conviction because of the ineffectiveness of his trial counsel flowing from, Munford's conflicts of interest with his other jointly represented defendants. See Holloway v. Arkansas, — U. S. — (98 SC 1173, 55 LE2d 426) (1978).

In my view this habeas record presents a case of grievous, multiple constitutional errors, which a majority of this court wish to overlook because of the probable factual guilt of the petitioner, the fact that he was implicated in his co-defendants' confessions, and the fact that he initially planned to plead guilty.

I dissent.

HILL, Justice, dissenting.

I must reluctantly agree with appellant's counsel—he was ineffective. Bruton v. United States, 391 U. S. 123 (1968), held that in a trial of two defendants, the admission into evidence of a pre-trial confession by one defendant who did not testify at trial, which confession implicated the second defendant, violates the second defendant's right of confrontation and cross examination of the first defendant. Bruton was decided in 1968. This defendant was tried and convicted in early 1975. The Bruton violation found by the majority was not raised at trial or on the appeal to this court. *Munsford v. State,* 235 Ga. 38, 42-44 (218 SE2d 792) (1975).

I am unable to agree with the majority that the denial of defendant's constitutional right of cross examination was "harmless beyond a reasonable doubt in light of the weight of the remaining evidence of his guilt." On appeal, *Munsford v. State,* supra, this court said (235 Ga. at 44): "Admittedly, the evidence of guilt of the appellant Munsford is weaker than the evidence of guilt of the other two appellants when the statements of Daniels and Williams are disregarded as to Munsford." I therefore dissent.