## 56570. AUSBY v. THE STATE.

McMURRAY, Judge.

Defendant was indicted in three counts for the offenses of armed robbery, aggravated assault (with intent to rape), and aggravated assault (with a deadly weapon). Defendant was convicted of all counts and was sentenced to serve a term of life imprisonment as to the armed robbery and 10 years as to each of the aggravated assault charges, each to be consecutive to the life sentence and each other. Motion for new trial was filed, amended and denied, and defendant appeals. Held:

1. The evidence was sufficient to support the convictions. The testimony in general discloses that the defendant entered the grocery store which the principal witness and alleged victim was operating. She recognized him and then found herself facing a gun; whereupon the defendant stated to her "give me everything you've got, and don't scream." She tried to remonstrate with him but failed. She then gave him all the money that was in the cash register and she was then ordered to the back to tie her up. He took her to the bathroom and pulled on her pants saying, "You pull these down." Whereupon she said, "Now, you've got what you want and you get out of here." He then began looking for cord to tie her hands behind her back. He tied her hands and then her feet and then the

wire which he had used to tie her hands became untied. He then tried to tie her up with "an over-jacket." She then told him where he could find a rope by the meat counter. When she attempted to get a meat cleaver he saw her, shoved her over by the door, picked the gun up and started pistol whipping her with the gun. He suddenly stopped and fled. The totality of the above evidence was for jury consideration as to each of the three counts.

2. The remaining enumerations of error are concerned with the motion to suppress the in-court identifications by the various witnesses because there was allegedly substantial likelihood of irreparable misidentification. As has been stated by the Supreme Court of Georgia, each case must be considered on its own facts, and the due process test looks to the totality of the surrounding circumstances. The first inquiry is whether the photograph display was impermissibly suggestive. Only if it was so found need the court consider the second question as to whether there was a very substantial likelihood of irreparable misidentification. At least 10 photographs were presented to the witnesses. The fact that the witnesses knew three or four of the persons in the lineup did not make it unfair since there were other photographs of persons the witnesses did not know. See *Waller v. State,* 134 Ga. App. 886, 888 (3) (216 SE2d 637). See also in this connection such cases as *Fleming v. State,* 236 Ga. 434, 436 (224 SE2d 15); *Zilinmon v. State,* 234 Ga. 535 (1) (216 SE2d 830); *Hobbs v. State,* 235 Ga. 8, 9 (218 SE2d 769). None of these enumerations of error is meritorious as the in-court identification which was based in part upon previous identification of the defendant by the presentation of photographs to the various witnesses was not so impermissibly suggestive as to require a suppression of same.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED OCTOBER 12, 1978.

*Wyatt, Wyatt, Solomon & Gordy, Scott A. Gordy,* for appellant.

*William F. Lee, Jr., District Attorney, D. Ray McKenzie, Jr., Assistant District Attorney,* for appellee.