## A99A0521. MAYBERRY v. THE STATE.
### (514 SE2d 268)

BARNES, Judge.

Following his indictment for aggravated assault, felony murder, and concealing the death of a person, Kevin Mayberry was tried before a jury. The trial court granted Mayberry's motion for a directed verdict of acquittal on the concealing charge and the jury found him guilty only of the lesser included offense of voluntary manslaughter. On appeal, Mayberry contends there was insufficient evidence to support his conviction. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that the body of Royce Phillip Croft was found in Room 42 of the Big 7 Motel in Valdosta. A medical examiner, employed by the Georgia Bureau of Investigation, testified that he performed an autopsy on Croft and determined that the combined effect of crushing injuries to his neck, stab wounds to his chest, and blunt force injuries to his head caused Croft's death. According to the medical examiner, any one of these three lethal injury sequences could have caused Croft's death.

At trial, Robert Allen Pilkinton testified that he went to Room 45 of the Big 7 Motel around 2:30 p.m. on September 12, 1997. Later that evening, Pilkinton and Mayberry went to Croft's room. According to Pilkinton, they drank beer in the room until Croft accused Pilkinton of taking some of his money. After hitting Pilkinton with his fist, Croft pulled out a knife and told Pilkinton he was going to kill him. Pilkinton then punched Croft in the mouth, threw him on the ground and started kicking him. Pilkinton testified that when Croft was "just laying there" and "still breathing," he told Mayberry that they needed to get out of there. Mayberry replied, "[T]he man can identify us" and Pilkinton saw Mayberry stab Croft with a knife

while Pilkinton walked out the door of the room. Pilkinton returned to Room 45 and told his brother what had happened. Approximately two minutes later, Mayberry also returned to Room 45 and asked for a ride. Pilkinton testified that he did not report what had happened to the police because he did not know that Croft was dead.

During Mayberry's trial, Pilkinton admitted that he initially denied participating in the fight with Croft when he was questioned by police. In his first written statement to the police, he claimed that everything was fine when he left Mayberry and Croft in Room 42 and that when Mayberry returned to Room 45 approximately 35 minutes later, he told Pilkinton he had stabbed Croft. In his second written statement made 52 minutes later, Pilkinton claimed Mayberry stabbed Croft with no physical provocation from Croft. Three days later, Pilkinton gave a recorded statement to the police and admitted for the first time that he had punched and kicked Croft after Croft threatened him. He also told the police that Mayberry stabbed and kicked Croft when Croft was on the floor.

Kristina Jurkiewicz testified that on the evening of September 12, 1997, she visited her boyfriend at the Big 7 Motel. During the course of the evening, Mayberry, Pilkinton, and Croft visited in their room and drank beer. She further testified that after she fell asleep sometime after 4:00 a.m., Mayberry and Pilkinton flew into their room and told them "we just killed a man" and need to leave. Mayberry pulled a knife out of his back pocket which was covered with "brown stuff" and told her it was blood. Jurkiewicz thought they were joking and Mayberry and Pilkinton left about two minutes after they entered the room. The next day, after Croft's body was discovered, Pilkinton told her that Croft "had tried to make a sexual advance towards [Pilkinton] by putting his foot in between [Pilkinton's] crotch and rubbing him." Pilkinton then explained that when he started beating up Croft, Croft pulled a knife and things got out of hand from there.

Mayberry testified that after he fell asleep on the couch in Croft's room, he woke up to find Croft and Pilkinton fighting. Because it appeared that Croft was getting the better of Pilkinton, Mayberry got up, hit Croft on the side of the face, and knocked him into the wall. When Croft pulled a knife and told him that he was going to kill him, Mayberry pulled his own knife and they "started going at it." After Mayberry stabbed Croft twice in the chest, Croft let go of the knife and Mayberry backed away from him. Mayberry testified that Pilkinton then slammed Croft to the ground, grabbed the knife from Mayberry's hand, and stabbed Croft repeatedly. Mayberry claimed he then left the room, followed by Pilkinton about ten seconds later.

We find this evidence sufficient to sustain Mayberry's voluntary manslaughter conviction under the standard set forth in *Jackson v.*

*Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
 *Judgment affirmed. Beasley, P. J., and Blackburn, J., concur.*

DECIDED MARCH 24, 1999.

*James F. Council, Jr.,* for appellant.
 *J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellee.