## A00A0832. COLLINS v. THE STATE.
(529 SE2d 412)

McMURRAY, Presiding Judge.

Defendant Bruce Collins appeals his conviction, following a joint jury trial, of two counts of burglary.[1] Defendant contends that the trial court erred in: (1) allowing[2] an investigator to summarize for the jury an out-of-court statement made by nontestifying co-defendant Victor Lyles by substituting the words "anyone else," "anybody," "somebody," "this individual," "this other individual," and "the man,"

---

[1] The jury acquitted defendant of a third count of burglary.

[2] In this regard, the trial court denied defendant's motion in limine, motion for mistrial, and motion for new trial.

for defendant's redacted name in portions thereof; and (2) admitting similar transaction evidence of four earlier burglary convictions against defendant. *Held*:

1. Co-defendant Lyles' statement, in pertinent part, limited his (Lyles') role in the burglaries sub judice to driving the defendant and stolen TVs and stereo equipment in defendant's possession to the residence of Thomas Little approximately eight times where defendant then sold the same to Little. The record reflects that the trial court allowed the investigator to summarize co-defendant Lyles' statement insofar as it attributed the instant burglaries to defendant upon the following curative instruction to the jury:

> There's a Constitutional rule, I mean, you know, I'm just going to tell the jury what the law is. The Supreme Court of the United States in 1984, decided that when one defendant made a statement that implicates another defendant, even though — in other words, *if Victor Lyles' statement says something bad about Bruce Collins, ya'll are not supposed to hear it under the theory of the Supreme Court of the United States* that it violates the defendant's right to confront any witnesses against them which would be a violation of the Sixth Amendment, I believe. Is that correct? *Now officer*, can you *go through that statement and say what Lyles said about himself and not make any reference to Collins*?

(Emphasis supplied.)

We find that co-defendant Lyles' statement as redacted upon the foregoing instruction inculpated the defendant as the person for whom the complained-of language was substituted — this is because the instruction, by its own terms, inevitably pointed to defendant as the perpetrator of any bad acts which co-defendant Lyles did not attribute to himself. Consequently, the admission in evidence of co-defendant Lyles' statement was error for violation of the Confrontation Clause of the United States Constitution. *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), as refined in *Richardson v. Marsh*, 481 U. S. 200, 211 (107 SC 1702, 95 LE2d 176) and *Gray v. Maryland*, 523 U. S. 185 (118 SC 1151, 1155, 140 LE2d 294); accord *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731).

> Unless the statement is otherwise directly admissible against the defendant, the Confrontation Clause is violated by the admission of a nontestifying co-defendant's statement which inculpates the defendant by referring to the defendant's name or existence, regardless of the existence of limiting instructions. . . . A co-defendant's statement meets the

> Confrontation Clause's standard for admissibility when it does not refer to the existence of the defendant and is accompanied by instructions limiting its use to the case against the confessing co-defendant.

Id.

> "To be harmless, a *Bruton* error must be harmless beyond a reasonable doubt. *Schneble v. Florida*, 405 U. S. 427 [(92 SC 1056, 31 LE2d 340)] (1972)." *Munford v. Seay*, 241 Ga. 223, 224 (1) (244 SE2d 857) (1978). "Where overwhelming evidence of a defendant's guilt exists apart from the statement of the co-defendant, then any violation of *Bruton* is harmless beyond a reasonable doubt." *Adorno v. State*, 236 Ga. App. 588, 592 (3) (512 SE2d 703) (1999).

*Cunningham v. State*, 240 Ga. App. 92, 98 (3) (522 SE2d 684). Apart from the statement of co-defendant Lyles, which the investigator summarized and redacted for the jury, the evidence against defendant was circumstantial. Two witnesses identified defendant as frequently delivering TVs and VCRs to Little's residence in the month the instant burglaries occurred. These witnesses testified that co-defendant Lyles drove defendant to Little's house where the defendant sold the stolen property to Little. An investigator's testimony established that the police seized the TVs and VCRs stolen in the foregoing burglaries upon executing a search warrant at the Little residence in consequence of an earlier controlled drug buy involving Little. Additionally, four prior convictions for burglary were admitted against the defendant. No evidence, however, was introduced which even placed the defendant at the scenes of the burglaries sub judice, or, except in the context of deliveries made over a 30-day period, showed recent unexplained possession of stolen property as to the defendant. While the sum of such circumstances, viewed in a light most favorable to the verdict, might be deemed sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty as charged under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (and we do not reach this question), compare *Caldwell v. State*, 183 Ga. App. 110, 111-112 (1) (357 SE2d 845) and *Wells v. State*, 151 Ga. App. 416 (1), 417 (260 SE2d 374) (overruled on other grounds, *Copeland v. State*, 160 Ga. App. 786, 789 (12) (287 SE2d 120)), it is not so overwhelming as to render the *Bruton* error in this case harmless beyond a reasonable doubt. See *Cunningham v. State*, 240 Ga. App. at 98 (3), supra. Under these circumstances, we cannot say that the error was harmless and therefore reverse defendant's conviction.

2. We address defendant's remaining claim of error as to the

State's similar transaction evidence in that it will be relevant on retrial. In this regard, defendant argues that such evidence was inadmissible for dissimilarity to the burglaries charged in the instant case. We conclude that the trial court did not err in admitting the State's similar transaction evidence, burglaries to which defendant pleaded guilty in 1982, 1984, 1988, and 1993. Each was similar to the burglaries charged in the instant indictment to the extent that defendant took property having value on resale upon entry gained through a window, door, or ceiling. That the 1982, 1984, and 1988 burglary convictions admitted against the defendant occurred more than ten years before the instant burglaries is insignificant in that the record shows that the defendant was incarcerated for a substantial part of the interim.[3]

The admission of other criminal acts by the defendant does not turn on the basis of the number of similarities between the criminal acts alone, particularly where, as here, evidence of independent crimes is introduced to show bent of mind. *Raulerson v. State*, 268 Ga. 623, 631 (8) (491 SE2d 791); accord *Jones v. State*, 226 Ga. App. 721, 722-723 (1) (487 SE2d 618) ("When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity."). A trial court's decision to admit prior similar transaction evidence lies within its sound discretion and, absent an abuse thereof, will not be disturbed on appeal. See *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139). We find no abuse of discretion in the instant circumstances. Accordingly, this enumeration of error is without merit.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2000 —
RECONSIDERATION DENIED FEBRUARY 22, 2000.

*William P. Nash, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney*, for appellee.

---

[3] The record shows that thirteen years confinement was adjudged against defendant upon two of these burglaries: 1982 (eight years) and 1988 (five years to serve two, remainder probated). Defendant's sentence for his 1993 burglary conviction shows revocation of probation as to the years probated by his sentence for the 1988 burglary. Defendant's sentence upon the 1984 burglary conviction is not legible in the record; however, in light of the foregoing this is not significant.