A01A0123. GOOCH v. THE STATE.
(549 SE2d 724)

RUFFIN, Judge.

A jury found Thomas Joseph Gooch guilty of possession of methamphetamine, possession of methamphetamine with intent to distribute, and attempted sale of methamphetamine.[1] On appeal, Gooch asserts multiple errors. For reasons that follow, we affirm in part and reverse in part.

Viewed in a light most favorable to the jury's verdict,[2] the record shows that on August 17, 1997, Kimsey Akin "Ray" Burt was at his father's trailer along with his brother, Allen Burt, and Gooch's brother, Willis Ridley. Ray Burt announced that he was going to obtain some methamphetamine, also called "crank," and he called

---

[10] (Punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999).

[11] Id. at 215 (1).

[1] Both Gooch and his co-defendant, Kimsey Akin Burt, were also charged with two counts of murder and one count of armed robbery. Gooch, however, was acquitted of these charges.

[2] See *Hudson v. State*, 242 Ga. App. 218 (1) (529 SE2d 218) (2000).

Gooch. Shortly thereafter, Gooch arrived and spoke with Ray Burt outside the trailer. According to Ridley, Ray Burt attempted to trade a .22 rifle for the drugs, but Gooch refused. As Gooch was preparing to leave, Ray Burt said, "hold on. I'll go get my money."

Gooch then waited outside with Ridley as Ray Burt entered his father's trailer. Approximately five to ten minutes later, Gooch and Ridley heard gunshots, and the two ran to Gooch's truck. According to Ridley, they "figured [Burt's] dad was trying to shoot at [Burt]." As Gooch and Ridley got into the truck and began driving away, Ray Burt ran to the truck and said, "daddy's up, can you get me out of here." Both Ray Burt and his brother Allen entered the truck, and Gooch drove them to another location. Once at that location, Ray Burt gave Gooch "$250 to go get an eight ball" of methamphetamine, and Gooch took the money and drove away, leaving Ridley, Ray Burt, and Allen Burt. While the three were waiting for Gooch to return, Ray Burt told Ridley that he had killed his father.

When Gooch returned, he brought back "a quarter" of methamphetamine, which Ridley, Ray Burt, and Allen Burt shared. Ridley later told Gooch that Ray Burt claimed to have killed his father. Gooch and Ridley then left, and Gooch called the sheriff to report the crime. Two deputies from the sheriff's office went to the trailer, where they discovered the body of Burt's father, who had been shot in the head.

Both Ray Burt and Gooch were indicted for malice murder, felony murder, armed robbery, and possession of methamphetamine. Gooch was also indicted for possession of methamphetamine with intent to distribute and sale of methamphetamine. The two were tried jointly, and the jury acquitted Gooch of malice murder, felony murder, and armed robbery, but convicted him of all three drug offenses. The trial court then directed a verdict of not guilty on Count 6 of the indictment, thus acquitting Gooch of the sale of methamphetamine charge.

1. Gooch challenges the sufficiency of the evidence supporting his convictions for the drug offenses. According to Gooch, the convictions were based upon circumstantial evidence that failed to establish that he actually possessed methamphetamine. Gooch points to the fact that the State neither tendered any methamphetamine into evidence nor produced any laboratory analysis to confirm the substance was, in fact, methamphetamine. Thus, he reasons, his convictions must be reversed. We disagree.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt

of the accused."[3] Whether this standard has been met is a jury question, and we will not disturb the jury's verdict unless it is unsupportable as a matter of law.[4]

Contrary to Gooch's contention on appeal, the absence of chemical testing is not fatal to the State's case.[5] The testimony regarding the methamphetamine "was not without evidentiary value due to the lack of expert testimony since identification of a material or substance may be made by other than expert testimony."[6] Here, both Allen Burt and Ridley testified that they were familiar with methamphetamine and had taken it on multiple occasions. Both witnesses confirmed that the substance Gooch provided appeared to be methamphetamine, and Allen Burt said that, when he ingested the drug, it produced the same sensation in his body as had other methamphetamine. "This constitutes at least circumstantial evidence supporting the [methamphetamine charges]."[7] Moreover, in Gooch's statement, which was tendered at trial, he admitted that, after receiving a call for some methamphetamine,[8] he provided the "dope" to Ridley, Ray Burt, and Allen Burt. Given both Gooch's acknowledgment that he provided methamphetamine and Allen Burt's testimony that the substance produced the effects of methamphetamine, the evidence was sufficient to sustain Gooch's conviction for either possession of methamphetamine or possession of methamphetamine with intent to distribute.[9]

2. Gooch contends that the trial court erred in denying his motion to sever his trial from that of his co-defendant, Ray Burt. As a defendant requesting severance, Gooch must do more than merely raise the possibility that a separate trial might give him a better chance of acquittal.[10] "He must make a clear showing of prejudice and a consequent denial of due process."[11] The factors that a trial court must consider in determining whether severance is appropriate are: (1) whether a joint trial will create confusion; (2) whether there is danger that evidence implicating one defendant will be considered against the other; and (3) whether the co-defendants have antagonis-

---

[3] OCGA § 24-4-6.

[4] See *Young v. State*, 242 Ga. App. 681, 683 (1) (530 SE2d 758) (2000).

[5] See *Chancey v. State*, 256 Ga. 415, 421 (III) (1) (A) (c) (349 SE2d 717) (1986) (failure to produce physical sample of drug "does not lead ineluctably to the conclusion that there has been no proof of a corpus delicti").

[6] *Wiley v. State*, 238 Ga. App. 334, 336 (5) (519 SE2d 10) (1999).

[7] *Chancey*, supra at 422.

[8] In his statement, Gooch referred to the drug as "crank," but it is undisputed that crank is a street term for methamphetamine.

[9] See *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989).

[10] *Adorno v. State*, 236 Ga. App. 588, 591 (3) (512 SE2d 703) (1999) (physical precedent only).

[11] (Punctuation omitted.) Id.

tic defenses.[12] The decision of the trial court regarding severance will not be disturbed absent an abuse of discretion.[13]

Gooch asserts that severance was warranted based upon the second two criteria. We disagree. Initially, we note that "antagonistic defenses alone do not require severance."[14] Moreover, Gooch has failed to show any inherent danger that evidence implicating Burt would be used against him. Although both defendants gave a statement to police, each statement was heavily redacted prior to its introduction in evidence.[15] And, although Gooch argues that "Burt . . . explicitly blamed [him] for the heinous murder of [Burt's] father," Gooch was acquitted of murder, which undermines his argument that evidence of Burt's guilt was used against him. To the extent that Burt accused Gooch of being a drug dealer, Gooch admitted to this conduct in his own statement. Under these circumstances, we find no abuse of discretion in the trial court's refusal to sever the trial.[16]

3. Gooch also argues that the trial court erred in admitting Ray Burt's statement because Burt did not testify at trial. Notwithstanding the fact that the statement was redacted, Gooch maintains that its admission violated *Bruton v. United States*.[17] In *Bruton*, the United States Supreme Court concluded that the confession of a nontestifying co-defendant that implicates the defendant is inadmissible as it violates the defendant's Sixth Amendment right to confront witnesses.[18] If, however, the confession has been redacted to eliminate any reference to the defendant, it may be admissible.[19] In this case, Gooch argues that, although redacted to remove his name, Burt's statement nonetheless implicated him. Thus, Gooch reasons, his conviction should be reversed.

Pretermitting whether the trial court erred in admitting Burt's statement, we find no basis for reversal. An alleged *Bruton* violation is subject to scrutiny for harmless error.[20] We find no reversible error here. Although Burt's statement arguably implicated Gooch in the murder of Burt's father,[21] Gooch was acquitted of this offense. And, as discussed above, Gooch essentially acknowledged committing the

---

[12] See *Bryant v. State*, 270 Ga. 266, 269 (2) (507 SE2d 451) (1998).

[13] See *Ledbetter v. State*, 202 Ga. App. 524, 525 (2) (414 SE2d 737) (1992).

[14] *Adorno*, supra.

[15] See *Bryant*, supra.

[16] See *Adorno*, supra.

[17] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[18] See *Hanifa v. State*, 269 Ga. 797, 801 (2) (505 SE2d 731) (1998).

[19] Id. at 802.

[20] See *York v. State*, 242 Ga. App. 281, 285 (2) (a) (528 SE2d 823) (2000).

[21] In Burt's statement, he confessed that he "told another person [he] would have to shoot [his] dad to get the money. Another person said do it." As the only other defendant, Gooch maintains that he clearly was the person to whom Burt was referring.

offenses for which he was convicted. It follows that the admission of Burt's statement, if error, was harmless.[22]

4. Gooch contends that the trial court erred in sentencing him on the offense of sale of methamphetamine, which was Count 6 of the indictment. We agree.

The record shows that, following the jury's verdict convicting Gooch of Count 6, the trial court directed a verdict of acquittal on that count. The State asserts that the trial court exercised its discretion and charged the jury on the lesser included offense of attempt to sell methamphetamine, and the jury convicted him of this lesser offense. The State further reasons that "the fact that the [trial] court directed the verdict as to the charge on the indictment does not prevent the jury from considering the lesser included offense." The State's reasoning is flawed.

The express language of the trial court's order provides that, "the Court directs a verdict of Not Guilty as to Count 6." A court should direct a verdict "only where there is no conflict in the evidence and it demands a verdict of acquittal as a matter of law."[23] Accordingly, by directing a verdict as to Count 6, the trial court evidently concluded that the evidence demanded acquittal. It follows that the trial court cannot then sentence the defendant on that count of the indictment.[24] Even if the trial court directed the verdict in error, we cannot revisit its ruling on appeal.[25]

The case cited by the State, *Mayberry v. State*,[26] does not require a different result. In *Mayberry*, the defendant was indicted for aggravated assault, felony murder, and concealing the death of another. The trial court directed a verdict on the concealment charge, and the jury found him guilty of voluntary manslaughter, the lesser included offense of felony murder. It is evident that, in *Mayberry*, the trial court did *not* direct a verdict on the felony murder charge. Thus, the jury was authorized to convict the defendant of voluntary manslaughter, which is a lesser included offense of felony murder.[27] Contrary to the State's contention, this case does not provide broad authority for the trial court to direct a verdict on one count while preserving the State's ability to prosecute and the trial court's authority to sentence on lesser included offenses contained within that count. It follows that the trial court erred in imposing any sentence with

---

[22] See id. See also *Adorno*, supra.

[23] *Zuber v. State*, 248 Ga. 314, 316 (3) (282 SE2d 900) (1981).

[24] Compare *Smith v. State*, 222 Ga. App. 887, 888 (2) (476 SE2d 653) (1996) ("beneficiary of a directed verdict of acquittal" not sentenced for offense of which he was acquitted).

[25] See *State v. Lawrence*, 208 Ga. App. 588, 589 (431 SE2d 409) (1993) (even if directed verdict improvidently granted, the State cannot challenge it on appeal).

[26] 237 Ga. App. 226 (514 SE2d 268) (1999).

[27] See *Austin v. State*, 268 Ga. 602, 603 (3) (492 SE2d 212) (1997).

regard to Count 6 of the indictment. Thus, any sentence on Count 6 is hereby vacated.

5. Gooch argues that the trial court erred in failing to merge the possession of methamphetamine count with the possession of methamphetamine with intent to distribute count.[28] Again, we agree.

When the same conduct establishes the commission of more than one crime, a defendant may be prosecuted for each crime, but may not be convicted of both.[29] In determining whether multiple offenses merge, the key question is whether the different offenses are proven with the same facts.[30] In this case, it is clear from the indictment and the evidence presented at trial that both the possession of methamphetamine and the possession with the intent to distribute methamphetamine convictions were based upon the same evidence. Accordingly, the trial court erred in sentencing Gooch for both offenses.[31] We therefore remand the case to the trial court to resentence appellant in accordance with this opinion.

6. Gooch contends that the trial court erred in sentencing him for crimes that he did not commit. During the sentencing hearing, the trial court stated that the "jury clearly found that [Gooch] was nothing more, nothing less than a drug dealer who but for his delivery of the drugs we wouldn't have a homicide on our hands." The court then sentenced Gooch to 30 years for possession of methamphetamine with intent to distribute.[32] According to Gooch, the trial court, in sentencing him to the maximum punishment, was punishing him for the murder and armed robbery of Burt's father – crimes for which he was acquitted. Thus, he maintains that the sentence violates his due process rights and must be reversed.

Regardless of why the trial court sentenced Gooch to the maximum penalty, the sentence is within the statutory limit.[33] "This court is without authority to review sentences within the statutory range,"[34] and any question as to excessiveness should be addressed to the sentence review panel.[35]

---

[28] Gooch also argues that the trial court erred in failing to merge Count 6, involving the sale of methamphetamine. Our holding in Division 4 renders this argument moot.

[29] See OCGA § 16-1-7 (a) (1).

[30] *Bellamy v. State*, 243 Ga. App. 575, 581 (5) (530 SE2d 243) (2000).

[31] See *State v. Estevez*, 232 Ga. 316, 317-320 (1) (206 SE2d 475) (1974); *Kinney v. State*, 234 Ga. App. 5, 7-8 (2) (505 SE2d 553) (1998).

[32] The trial court also sentenced Gooch to ten years for possession of methamphetamine and ten years for attempt to sell methamphetamine. For reasons discussed in Divisions 4 and 5, those sentences are void. See *Kinney*, supra at 7 ("'a void sentence is one which imposes punishment the law does not allow'").

[33] See OCGA § 16-13-30 (d).

[34] (Punctuation omitted.) *Reviere v. State*, 231 Ga. App. 329, 332 (4) (498 SE2d 332) (1998).

[35] See *Taylor v. State*, 232 Ga. App. 825, 827 (7) (502 SE2d 540) (1998).

7. As a condition of probation, Gooch was ordered to pay a fine of $12,415 at a date "to be determined by [Gooch's] probation officer." Gooch asserts that the trial court erred in imposing this fine without first conducting a hearing on his ability to pay. As Gooch's "probation was not conditioned upon the fine first being paid," a hearing is not required.[36] Thus, this claim of error presents no basis for reversal.

*Judgment affirmed in part and reversed in part. Sentence vacated and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 17, 2001 

*Gary P. Bunch,* for appellant.
*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney,* for appellee.

---

[36] See *Reid v. State,* 204 Ga. App. 358, 362 (4) (419 SE2d 321) (1992).