### A01A2093. COSBY v. THE STATE.
(562 SE2d 765)

POPE, Presiding Judge.

Defendant Brian Cosby was convicted following a jury trial of armed robbery. He appeals, contending in his sole enumeration of error that the trial court erred by admitting, over objection, the nonredacted statements of two nontestifying co-defendants. We agree that the admission of this evidence was error and reverse.

Cosby, Antwan Estelle, Jermaine Baker, Carlos Wood and Dwyatt Ware were charged with the armed robbery of a convenience store. The evidence showed that the five men, along with Baker's girlfriend who was not charged, traveled from Heflin, Alabama, near the Georgia-Alabama border to Georgia in two cars. They talked, or according to their trial testimony or statements to police introduced at trial, "joked" about committing a robbery. They eventually arrived at a Starvin Marvin convenience store in Carrollton, Georgia. Cosby, Estelle and Wood parked in front of the store, and Baker and Ware, who were traveling in the other car, parked near the store in another lot. Cosby entered the store and attempted to purchase some cigars, but the clerk would not allow the purchase because he did not have proof of age. Cosby told the clerk he would just purchase a soft drink and the clerk pointed the way to the soft drink cooler. Cosby removed a drink from the cooler and was returning to the counter when Ware entered the store with a gun and ordered the clerk to give him money. The clerk complied, and Ware "ran across the field and jumped into the car with [Baker]," and they drove back to Alabama. Cosby walked out of the store and got in the car with Estelle and Wood. Estelle told

police he did not believe Cosby when he told him Ware had robbed the store and that Cosby stated, "I thought the fool was joking, man. This fool for real this time."

Baker and Ware pled guilty and testified at trial. Cosby, Estelle and Wood were tried together, and their statements to investigating officers given shortly after the crime was committed were admitted into evidence at trial. In his statement, as well as his trial testimony, Cosby denied participating in the armed robbery and told officers he thought the others were joking when they talked about committing a robbery. Estelle and Wood did not testify at trial, but their statements identifying Cosby as the person who entered the store to be the lookout and as the person who divided the proceeds of the crime were admitted over objection. Cosby argues that the admission of the statements violated his right of confrontation and was prohibited by *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). We agree that the admission of these unredacted statements was error.

> [U]nless the statement is otherwise directly admissible against the defendant, the Confrontation Clause is violated by the admission of a nontestifying co-defendant's statement which inculpates the defendant by referring to the defendant's name or existence, regardless of the existence of limiting instructions and of whether the incriminated defendant has made an interlocking incriminating statement. A co-defendant's statement meets the Confrontation Clause's standard for admissibility when it does not refer to the existence of the defendant and is accompanied by instructions limiting its use to the case against the confessing co-defendant.

*Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998). In this case the statements referred to Cosby by name and were clearly inculpatory. Nevertheless, the state argues that even if it was error to admit the statements, Cosby's conviction should not be reversed because Baker and Ware testified for the state at trial and also implicated Cosby as the lookout and as the participant who divided up the proceeds. "To be harmless, a *Bruton* error must be harmless beyond a reasonable doubt. *Schneble v. Florida*, 405 U. S. 427 [(92 SC 1056, 31 LE2d 340)] (1972). [Cit.] Where overwhelming evidence of a defendant's guilt exists apart from the statement of the co-defendant, then any violation of *Bruton* is harmless beyond a reasonable doubt. [Cit.]" (Punctuation omitted.) *Cunningham v. State*, 240 Ga. App. 92, 98 (3) (522 SE2d 684) (1999).

In this case, the other evidence of Cosby's guilt was not over-

whelming. Baker's and Ware's testimony was impeached by showing that they had previously given statements and previously testified under oath to a different version of events, and their previous statements and testimony did not implicate Cosby as the lookout or as having divided up the robbery proceeds. Baker's girlfriend, who was traveling with the perpetrators but against whom no charges were filed, did not implicate Cosby in the crime, and her testimony failed to corroborate the inculpatory trial testimony given by Baker and Ware. And the convenience store clerk could testify only that she had a "gut instinct" that Cosby was involved in the crime but she never saw him with the actual robber or act in a manner which was indisputably inculpatory. Under these circumstances we cannot say that the evidence was overwhelming, and Cosby's conviction must be reversed because of the harm caused by the admission of the inculpatory statements of the nontestifying co-defendants. *Collins v. State*, 242 Ga. App. 450, 451 (1) (529 SE2d 412) (2000); *Cunningham v. State*, 240 Ga. App. at 98 (3).

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 21, 2002.

*T. Michael Flinn, Dennis T. Blackmon*, for appellant.
*Peter J. Skandalakis, District Attorney, Tara M. Wilson, Assistant District Attorney*, for appellee.